IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
**HONORABLE A. BRUCE CAMPBELL**

| | |
|---|---|
| In re: ) | |
| KEITH FOGEL ) | Case No. 10-38010 ABC |
| SSN:   XXX-XX-6566 ) | Chapter 13 |
| ) | |
| Debtor. ) | |

ORDER DENYING MOTION TO WAIVE FINANCIAL MANAGEMENT COURSE
REQUIREMENT AND ORDER DISMISSING THIS CASE

    Before the Court is a Motion to Waive Financial Management Course Requirement and to Either Waive Certification to Obtain Discharge or to Allow Certification To Be Signed By Decedent's Estate ("Motion").  The Motion is filed purportedly on behalf of the Debtor who by the allegations of the Motion died on February 24, 2011.  The Debtor's plan was confirmed a month prior on January 25, 2011.  The attorney who filed the Motion entered his appearance in this case on January 27, 2014, almost three (3) years following the Debtor's death.  The attorney represents that he is entering an appearance on behalf of the Debtor with the "approval" of the Debtor's widow, as wife and personal representative.

    The Motion further represents that the Debtor's widow, who is NOT a co-debtor in this case, but who is the Personal Representative of Debtor's probate estate made the payments under the confirmed plan.  As the Motion points out and the record reflects, Debtor's confirmed plan provided for the "strip" of two (2) mortgage liens against the Debtor's interest in his residence upon the entry of his discharge.  There is no indication in the record before the Court until the filing of the Motion, three years later, that the Debtor had died.[1]  The Motion asks this Court to waive the requirement that the Debtor complete a course in personal financial management which is a condition to receiving a discharge

    This Court has previously addressed the dilemma presented by this Motion in a case also involving a deceased debtor and efforts by the non filing spouse, on her own behalf and/or as a representative of the deceased debtor's probate estate to achieve the benefit of a bankruptcy discharge without filing a bankruptcy case.  Relying on Fed.R.Bankr.P. 1016, "Death or

---

[1] To the extent the non filing spouse paid the Chapter 13 Trustee who, in turn, would make payments to the Debtor's creditors in accordance with the confirmed plan, she, either for herself, if she is jointly liable on any of the Debtor's debts, or as representative of the probate estate, will get dollar for dollar benefit of the payments made to reduce such debts, minus any Trustee fees.

Incompetency of Debtor,"[2] and the Advisory Committee Notes which accompany the rule,[3] this Court concluded that under such circumstances the debtor's case must be dismissed.  See *In re Coy Lee Miller*, Case No. 09-12146 ABC, Docket No.188, (Bankr.D.Colo. October 23, 2013) *appeal docketed,* Case No. 13-cv-03043 REB, (D.C. Colo. November 7, 2013).

As this Court observed in the *Miller* case, if one of two debtors in a joint Chapter 13 case dies, it is *conceivable* that the surviving debtor could continue making the payments under the confirmed plan and achieve the benefits of the bankruptcy case that debtor filed, thus avoiding dismissal of the case.  In the case involving a sole Chapter 13 debtor who dies, however, the case must be dismissed.  The nondebtor spouse cannot simply make the payments under the plan and achieve the benefits of the stay and the discharge without filing a case.  Accordingly, the Court

**FINDS** that:

1. Dismissal of this case is appropriate pursuant to 11 U.S.C. § 1307(c).
2. A plan has been confirmed.
3. No request for delayed revestment of property of the estate has been made.

**IT IS THEREFORE ORDERED** that:

1. THE MOTION IS DENIED and THIS CASE IS DISMISSED.  The clerk of court shall serve this order on all creditors and parties in interest within **seven (7) days.**

2. In accordance with 11 U.S.C. § 349(b)(1) and (2), any transfer avoided under sections 522, 544, 545, 547, 548, 549, or 724(a) of Title 11, or preserved under sections 510(c)(2), 522(i)(2), or 551 of Title 11, is reinstated; any lien voided under section 506(d) of Title 11 is reinstated; and any order, judgment, or transfer ordered under sections 522(i)(1), 542, 550, or 553 of Title 11 is vacated.

---

[2]Fed.R.Bankr.P. 1016 provides:

Death . . of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death . . . had not occurred.  If a reorganization, . . . or individuals's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death . . . had not occurred.

[3]The 1983 Advisory Committee Notes to Fed.R.Bankr.P. 1016 offer that "in a chapter 11 reorganization case or a chapter 13 individual's debt adjustment case, the likelihood is that the case will be dismissed." Norton Bankruptcy Rules, Fed.R.Bankr.P. 1016, p. 70, (West 2012-2013).

3. All property of the estate, except payments made by or on behalf of the Debtor to the Trustee, shall revest in Debtor's successor as of the date of this Order pursuant to 11 U.S.C. § 349.

4. **Within thirty (30) days of the date of this order, if she has not previously done so,** the Trustee shall distribute payments received from or on behalf of the Debtor in accordance with the terms of the confirmed plan. 11 U.S.C. § 1326(a)(2).

DATED April 1, 2014

BY THE COURT:

_____
A. Bruce Campbell
United States Bankruptcy Judge