IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
**HONORABLE A. BRUCE CAMPBELL**

In re: )
KEITH FOGEL ) Case No. 10-38010 ABC
SSN:  XXX-XX-6566 ) Chapter 13
         Debtor. )

ORDER DENYING MOTION TO RECONSIDER

      Before the Court is the ***Motion to Reconsider Order Denying Motion to Waive Financial Management Course Requirement and Order Dismissing this Case*** ("Motion to Reconsider") filed by "Debtor (deceased), through his Personal Representative and spouse, Joanie Fogel, and represented by Mark E. Henze and Robert I. Cohen" ("Personal Representative").  The Debtor died on February 24, 2011, approximately one month after his Chapter 13 plan was confirmed.

      The Personal Representative continued making the plan payments.  On January 27, 2014, almost three years later, after completing all payments under the Debtor's confirmed plan, the Personal Representative moved the Court to waive the requirement that the Debtor complete the course in personal financial management because the Debtor had died.  Despite the fact that Debtor died in February, 2011, only one month after his plan was confirmed, the Court was never notified of Debtor's death, until after the Personal Representative had completed all payments and sought to obtain an order of discharge.

      On April 1, 2014, this Court issued an Order Denying Motion to Waive Financial Management Court Requirement and Order Dismissing This Case ("Order").  The Order relied, in part, on Fed.R.Bankr.P. 1016 (Death or Incompetency of Debtor)[1] to conclude that dismissal of the case was the appropriate course and that the case could not proceed for the benefit of someone other than the Debtor.[2]

      The Motion to Reconsider filed by Personal Representative asks the Court to vacate its

---

[1] Federal Rule of Bankruptcy Procedure 1016 provides as follows:
Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code.  In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.  If a reorganization, . . . or individuals's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

[2] This Court also looked to the 1983 Advisory Committee Notes to Fed.R.Bankr.P. 1016 which opine that "in a chapter 11 reorganization case or a chapter 13 individual's debt adjustment case, the likelihood is that the case will be dismissed." Norton Bankruptcy Rules, Fed.R.Bankr.P. 1016, p. 70, (West 2012-2013).

Order, reinstate the Chapter 13 case, waive the financial management course requirement, and enter a discharge in this case for her benefit. The Personal Representative urges that:

> the well being of the deceased debtor's family (the very reason for filing the initial case) is at stake. . . . It does not seem that the 'best interest' of the parties can possibly be found in the dismissal of the case. It is clearly in the interest of the Debtor and the Debtor's estate to provide for his wife and children as best possible after his death. This was the very intent in filing the case in the first place. Should the case be dismissed, Debtor's estate will be faced with debts that will be reinstated and can never be discharged through a new filing. Debtor's estate and his family will be faced with the reinstatement of a 2nd mortgage that hasn't been paid in over 3 years and which was validly and legally determined to be unsecured in the Chapter 13 case. Finally, neither Debtor's estate nor Debtor's wife will have any other available remedy at law.

The Personal Representative argues that Fed.R.Bankr.P. 1016 permits exactly what she seeks. It permits a deceased debtor's case to proceed to discharge for the protection and benefit of her and her children's well being. She points to a portion of the legislative history of section 541 of the Bankruptcy Code as support for her argument that "a probate estate (as represented by the probate estate's Personal Representative) may receive and benefit from a bankruptcy discharge."

The House and Senate Reports for the enactment of section 541 of the Bankruptcy Code in 1978 discuss the repeal of Section 8 of the predecessor BankruptcyAct.[3] Section 8 of the Act addressed the impact of the death of a debtor and is the statutory predecessor to Rule 1016.

The Personal Representative quotes the following:

> Consequently, if the debtor dies during the case, only property exempted from the property of the estate or acquired by the debtor after the commencement of the case and not included as property of the estate will be available to the representative of the debtor's probate estate. The bankruptcy proceeding will continue *in rem* with respect to property of the estate, and the discharge will apply *in personam* to relieve the debtor, and thus his probate representative, of liability for dischargeable debts. HR Rep. No. 595, 95th Cong, 1st Sess 367-368 (1977); S Rep No. 989, 95th Cong, 2nd Sess 82-83 (1978).

The quote above, however, does not include the introductory sentences which provide some context for and view into the meaning of the sentences cited. Particularly they read:

---

[3]Section 8 of the Bankruptcy Act provided:

**Death or Insanity of Bankrupts**. The death or insanity of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died or become insane: *Provided*, That in case of death, the bankrupt's right to exemption, if any, shall be preserved, and if the exempt property has not already been set off or awarded to him, it shall upon application be ordered set off and awarded to the spouse or dependent children surviving at his death to the exclusion of his personal representatives.

> Bankruptcy Act §8 has been deleted as unnecessary. Once the estate is created, no interest in property of the estate remains in the debtor.

Under the Bankruptcy Act of 1898, exempt property was not part of the bankruptcy estate and the bankruptcy court had limited jurisdiction over such property. ***Lockwood v. Exchange Bank of Fort Valley***, 190 U.S. 294, 299, 23 S.Ct. 751, 753 (1903). With the passage of the Bankruptcy Reform Act of 1978, and section 541 of the Code which defines what is "property of the estate," "all property of the debtor is included in the estate, including exempt property." ***Tignor v. Parkinson***, 729 F.2d 977, 980 (4th Cir. 1984).

The same legislative history of section 541 elaborates that property of the estate:

> includes all property of the debtor, even that needed for a fresh start. After the property comes into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. 522, and the court will have jurisdiction to determine what property may be exempted and what remains as property of the estate. HR Rep. No. 595, 95th Cong, 1st Sess 367-368 (1977); S Rep No. 989, 95th Cong, 2nd Sess 82-83 (1978).

The legislative history which the Personal Representative relies upon speaks to the impact of the death of a debtor ***in a Chapter 7 liquidation case*** and not in a reorganization case. In a liquidation case, the "estate" is created upon the filing of the case and the debtor claims exemptions in the property that comprises that estate at the time of filing his or her case. A trustee is appointed to liquidate that estate for the benefit of the debtor's creditors, hence the reference to proceeding "in rem." The debtor becomes incidental to the proceedings and his or her death does not impair the trustee's administration of that bankruptcy estate.

In a Chapter 13 reorganization case, upon confirmation of a plan, the property of the estate revests in the debtor. 11 U.S.C. § 1327(b). The payment to creditors is funded, not by a trustee's liquidation of the debtor's non-exempt assets, but by debtor's payments from his or her future earnings.[4] Thus, the continued existence of the debtor is crucial to the continued administration of case.

The Personal Representative relies heavily on the language of Rule 1016 which provides that if a debtor in a reorganization case dies, "the case may be dismissed unless further administration is possible and in the best interest of the parties." The essence of the Personal Representative's arguments is that she is the "party" referred to in Rule 1016 whose interests should be served. This Court in its Order, and other courts, have concluded that she is not entitled to the benefit of a discharge in her deceased husband's case. ***In re Shepherd***, 490 B.R.

---

[4] The amount a debtor must pay from future wages is determined, in part, by calculating what unsecured creditors would be paid in a Chapter 7 liquidation. A Chapter 13 debtor must pay his or her unsecured creditors at least what they would receive if that debtor's non exempt property was liquidated in a Chapter 7. 11 U.S.C. §1325(a)(4). It is only as part of that calculation that a reorganizing debtor's claim of exemptions factors in to the reorganization process at all.

338, 342-343 (Bankr. N.D.Ind 2013); *In re Hennessy*, 2013 WL 3939886 (Bankr N.D.Cal. 2013); and *In re White*, 2011 WL 3426166 (S.D. Ga. 2011).

This Court also observes that the Personal Representative did not inform the Court of the Debtor's death until after she had completed all payments under the plan. The time for the Court to have considered whether continued administration of the case was in the best interests of the parties should have been shortly after Debtor's death. *See, In re White*, 2011 WL 3426166. Because the Court was not so informed, it was deprived of the ability to make that determination when it would be meaningful. Moreover, it is clear that a primary goal of the Personal Representative is to achieve the "strip" of the second deed of trust against the Debtor's residence, a property which may fall to her as a beneficiary in the probate estate. The holder of that second deed of trust against that real property is one of the "parties" whose interests concern this Court, and which will be preserved if the Court does not set aside its Order.

Finally, the Personal Representative argues she has no adequate remedy at law. Whether that is the case at all, whether the laws governing her deceased husband's probate estate and its administration do or do not provide her "adequate" relief, and whether the filing of her own bankruptcy case would or would not provide adequate relief, are not considerations which compel this Court to set aside its dismissal order and enter an order of discharge in this case. Only a debtor who undertakes to file a bankruptcy case is entitled to the protections afforded by the Bankruptcy Code. *See also*, *In re Shepherd*, 490 B.R. 338, 342-343 (Bankr. N.D.Ind 2013); *In re Hennessy*, 2013 WL 3939886 (Bankr N.D.Cal. 2013); and *In re White*, 2011 WL 3426166 2011 WL 3426166 (S.D. Ga. 2011).   Accordingly, it is

ORDERED that the Personal Representative's Motion to Reconsider is DENIED.

DATED June 20, 2014

BY THE COURT:

_____
A. Bruce Campbell
United States Bankruptcy Judge